UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADAM RANEY,

                Plaintiff,

        v.                                Case No. 24-cv-0487-bhl

OFFICER GOEHL,
OFFICER WODAK,
MEGAN LEBERAK,
OFFICER GOMEZ-SENA,
TONIA MOON, and
JASON BENZEL,

                Defendants.

## SCREENING ORDER

      Plaintiff Adam Raney, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On May 6, 2024, Raney filed an amended complaint, which Fed. R. Civ. P. 15 allows him to do once without the Court's permission. This matter comes before the Court on Raney's motion for leave to proceed without prepaying the full filing fee and to screen the amended complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Raney has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Raney has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an

initial partial filing fee of $33.63. Raney's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Late in the morning on March 25, 2023, Raney alleges that he told Officer Gomez-Sena that he was having chest pain and was feeling nauseous. According to Raney, she said she would tell the health services unit right away. About an hour later, Raney saw Gomez-Sena again, and she again said she would tell the health services unit. About thirty minutes later, Raney asserts that he pressed his emergency call button and informed Officer Goehl that he had extreme chest pain, felt dizzy, and had pain in his left arm. Goehl allegedly said he would tell the health services unit. Raney states that he pushed his emergency call button again about an hour later, and the officer said he would get help. Raney alleges that right after that, he vomited and tried to use his blanket to push the vomit to the side, but he lost consciousness and hit his head very hard on the bunk or wall. Raney states that he woke up on the floor in vomit, disoriented, and in a lot of pain. He states that at this point, three hours had passed since he first alerted Gomez-Sena to his symptoms. He pressed his emergency call button ten times during the next forty minutes, but no one responded. According to Raney, Goehl and Officer Wodak were the officers responsible for responding to inmates pressing their emergency call buttons. About an hour later, Raney was able to get the attention of an officer in the hallway who escorted Raney in restraints to see Nurse Leberak. Dkt. No. 7 at 2-5, 7.

According to Raney, Leberak told him she was very busy and rushed his examination. She took his blood pressure, which was very low. Raney explains that she noted the large bump on his head and asked him questions to determine if he had a concussion. Raney asserts that she told him

3

he would be ok and just needed rest and water. She also allegedly told Raney she would bring him an ice pack, although Raney says he never received one. Raney told Laberak that he believed he had had a heart attack, but she said that was not possible and that it as only an anxiety attack. Raney asserts that he felt very weak and sick for about a week afterwards, but despite submitting multiple health services requests, he was never called to see a doctor. He states that he now suffers from daily headaches and recurring dizziness. He states that he also has extreme sensitivity to light, eye pain, and memory loss. Dkt. No. 7 at 5-7.

Finally, Raney asserts that he made every effort to exhaust the available administrative remedies before bringing this action. He alleges that Defendants Tonia Moon and Jason Benzel improperly handled his inmate complaint and falsified a document, making it impossible for him to complete the exhaustion process. Dkt. No. 7 at 8-11.

## THE COURT'S ANALYSIS

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id.* (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

Raney may proceed on Eighth Amendment deliberate indifference claims against Gomez-Sena based on allegations that she twice failed to get medical help for Raney after he told her he was experiencing chest pain and nausea. He also states deliberate indifference claims against

4

Goehl and Wodak based on allegations that they ignored Raney's repeated calls for help when he pressed his emergency call button.  Finally, Raney may proceed on a deliberate indifference claim against Nurse Leberak based on allegations that she rushed him through an examination and downplayed or dismissed his serious symptoms.  Further development of the record may reveal that Raney was not harmed by the delay in seeing Leberak or by Defendants' responses to his condition, but at this early stage, his allegations are sufficient for him to proceed.

Raney does not, however, state claims against Moon or Benzel based on allegations that they improperly handled his inmate complaints.  The Seventh Circuit long ago explained that "[o]nly persons who cause or participate in the violations are responsible," and "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).  The Court also declines Raney's request that it resolve at screening whether he exhausted the available administrative remedies.  Exhaustion is an affirmative defense that Defendants may raise after they have had an opportunity to review the relevant materials.  Should they raise such a defense, Raney may then explain why he believes Moon and Benzel's actions rendered the administrative remedies unavailable to him.  *See Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement."); *see also*, *King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) ("The Prison Litigation Reform Act was not meant to impose the rule of 'heads we win, tails you lose' on prisoner suits.").

**IT IS THEREFORE ORDERED** that Raney's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Raney fails to state a claim against Tonia Moon and Jason Benzel, so the clerk's office may terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Raney's amended complaint (Dkt. No. 7) and this order are being electronically sent today to the Wisconsin Department of Justice for service on Officer Goehl, Officer Wodak, Officer Gomez-Sena, and Megan Leberak.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Officer Goehl, Officer Wodak, Officer Gomez-Sena, and Megan Leberak shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of

**IT IS FURTHER ORDERED** that the agency having custody of Raney shall collect from his institution trust account the $316.37 balance of the filing fee by collecting monthly payments from Raney's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Raney is transferred to another institution, the transferring institution shall forward a copy of this Order along with Raney's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

6

Case 2:24-cv-00487-BHL   Filed 05/20/24   Page 6 of 7   Document 9

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Raney is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on May 20, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge